**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

June 30, 2021

*By ECF*

Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re:   *United States v. Yenny Santos-Reynoso*, 21 Cr. 268 (LTS)

Dear Chief Judge Swain:

    I write to respectfully request that the Court modify Ms. Santos's bail by removing the condition of curfew enforced by electronic monitoring. Pretrial Services – per Officer Marlon Ovalles – objects to the modification for policy reasons, but notes that Ms. Santos has been wholly compliant with all the conditions of release. The Government – per Assistant U.S. Attorney Kevin Mead – takes no position on this request.

    Ms. Santos was arrested on February 16, 2021 and released on conditions including a $25,000 bond co-signed by two financially responsible persons and curfew enforced by electronic monitoring. These conditions were imposed to address the potential risk of flight, given that Ms. Santos was charged with illegally reentering the United States. Ms. Santos is a 41 year old woman who lives with her husband of eight years and her two children, who are all U.S. citizens. (Ms. Santos's husband is one of the co-signers on the bond.) Ms. Santos has been compliant with all the conditions of release and wants only to remain here with her family. Here, given Ms. Santos's conduct over the past four months, the condition of curfew enforced by electronic monitoring is now more restrictive than necessary to satisfy the purposes of the Bail Reform Act. *See* 18 U.S.C. § 3142(c)(1)(B) and (3) (judicial officer shall order the pretrial release of a person subject to the least restrictive combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community; the judicial officer may at any time amend the order to impose different conditions of release).

    Pretrial Services' objection to the modification – at least as I understand it – is that because Pretrial Services itself recommended home detention enforced by electronic monitoring at the time Ms. Santos was presented in February – its policy is to object to a later modification that removes the monitoring condition. To the extent there is such a policy, it conflicts with the Bail Reform Act's command that a person should be subject to the least restrictive combination of conditions, and that determination – by statute – is amenable to change over time. As noted

Honorable Laura Taylor Swain | Page 2
June 30, 2021

Re:   *United States v. Yenny Santos-Reynoso*, 21 Cr. 268 (LTS)

above, Officer Ovalles has represented that Ms. Santos's conduct on release has been exemplary.

    Accordingly, I respectfully request that the Court modify Ms. Santos's conditions of release by removing the condition of curfew enforced by electronic monitoring.

    Thank you for your consideration of this request.

Respectfully submitted,

/s/
Martin S. Cohen
Ass't Federal Defender
(212) 417-8737

cc:   AUSA Kevin Mead, by ECF
      Marlon Ovalles, by e-mail

The request for modification is denied. Mere compliance with bail conditions is insufficient to show that a particular condition is unnecessary, and there has been no proffer as to any relevant change in circumstances. DE# 15 resolved.
SO ORDERED.
6/30/21
/s/ Laura Taylor Swain, Chief USDJ