

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 1, 2022

**VIA ECF**

Hon. Laura Taylor Swain
United States Chief District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:** ***United States v. Santos-Reynoso*, 21 Cr. 268 (LTS)**

Dear Judge Swain:

      The Government writes in opposition to defendant Yenny Santos-Reynoso's motion ("Mot.") to dismiss the indictment on two separate bases. Dkt. 30. First, the defendant argues that the illegal reentry statute she is charged with (8 U.S.C. § 1326) is facially unconstitutional because it violates the Equal Protection Clause of the Fifth Amendment. This argument fails because—as almost every court has concluded—the defendant has not shown that the relevant illegal reentry statute was enacted and reenacted with discriminatory intent. Second, the defendant argues that her 2009 removal order was defective because the immigration judge lacked jurisdiction. This argument fails because, as the defendant recognizes, the Second Circuit has explicitly rejected it.

## Background

      The defendant was born in the Dominican Republic in 1980 and remains a citizen of the Dominican Republic. At some point thereafter, she unlawfully entered the United States for the first time.

      On July 10, 2008, the defendant was charged by U.S. Immigration and Customs Enforcement ("ICE") through a Notice to Appear ("NTA") that ordered the defendant "to appear before an Immigration Judge of the United States Department of Justice" and noted that the time and date would be calendared at a later date. Mot. Ex. D. The defendant was subsequently served a "Notice of Hearing in Removal Proceedings," dated April 6, 2009, directing her to appear for a 1:00 p.m. June 22, 2009 removal hearing at 26 Federal Plaza in New York, New York. Mot. Ex. E. The defendant failed to appear for the June 22, 2009 removal hearing, and Immigration Judge Mary M. Cheng conducted it in absentia. Judge Cheng issued an order the same day directing the defendant's removal. Mot. Ex. F.

      On August 30, 2010, the defendant was convicted in New York County Criminal Court of criminal possession of a controlled substance in the third degree, in violation of New York Penal

Law § 220.16(1). On September 13, 2010, that court sentenced her to a term of imprisonment of six months.

On September 20, 2010, ICE authorized an administrative warrant of removal/deportation for the defendant. The defendant was removed to the Dominican Republic on September 29, 2010.

At some point thereafter, the defendant unlawfully entered the United States a second time. On December 6, 2018, ICE issued the defendant a Notice of Intent/Decision to Reinstate Prior Order. The defendant signed an acknowledgment that she did not with to make a statement contesting that determination. On December 17, 2018, ICE authorized a second administrative warrant of removal/deportation for the defendant. The defendant was removed to the Dominican Republic for the second time on January 22, 2019.

At some point thereafter, the defendant unlawfully entered the United States a third time. On January 13, 2021, the Hon. Ona T. Wang authorized a complaint charging the defendant with illegal reentry after having been removed from the United States subsequent to a conviction for the commission of an aggravated felony. Law enforcement arrested the defendant on February 16, 2021. On April 22, 2021, a grand jury indicted the defendant on one count of illegal reentry. The defendant has been bailed since her arrest.

## Argument

### I. The Defendant's Equal Protection Challenge to 8 U.S.C. § 1326 Fails.

The defendant's challenge to the constitutionality of Section 1326 fails for the reasons set forth by every other court to address the issue, with the exception of the U.S. District Court for the District of Nevada. *See United States v. Carrillo-Lopez*, No. 20-26 (D. Nev. August 18, 2021). The defendant relies solely on a recent decision in which the District Court of Nevada ruled that § 1326, although facially neutral, violates the Equal Protection Clause under the test established in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), because it was enacted with racist and discriminatory intent and has a disparate impact on Latinx persons. Even assuming heightened scrutiny under *Arlington Heights* is appropriate,[1] this reasoning has been almost uniformly rejected in the federal courts for the defendants' failure to show that "racially discriminatory intent or purpose" was indeed a "motivating factor" in the enactment of Section 1326 or neighboring statutory provisions. *See, e.g., United States v. Suquilanda*, No. 21 CR 263 (VM), 2021 WL 4895956, at *5 (S.D.N.Y. Oct. 20, 2021) ("the Court concludes Section 1326 was not enacted with discriminatory intent"); *United States v. Ponce-Galvan*, No. 21-CR-02227-H-1, 2022 WL 484990, at *3 (S.D. Cal. Feb. 16, 2022) ("Defendant has failed to establish that racial discrimination was a motivating factor

---

[1] Because Congress's inherent immigration power is "plenary," *Kleindienst v. Mandel*, 408 U.S. 753, 765 (1972), Section 1326 is subject to, and easily survives, rational-basis review. The United States anticipates the defense will argue that Section 1326 is not subject to rational-basis review because it is a criminal law, not an immigration law, but at least two courts have found to the contrary. *See Hearing Transcript, United States v. Navarrete-Castro*, 19-2717, ECF No. 71, at 3 (S.D. Cal. 2021); *United States v. Palacios-Arias*, No. 20-62, at 4, 7 (E.D. Va. Oct. 13, 2020).

Case 1:21-cr-00268-LTS   Document 32   Filed 05/01/22   Page 3 of 4

Page 3

behind the passage of 8 U.S.C. § 1326."); *United States v. Muria-Palacios*, No. 2:21-CR-00023-JAM, 2022 WL 956275, at *2 (E.D. Cal. Mar. 30, 2022) ("this Court joins the nearly uniform weight of authority in finding that Section 1326 survives constitutional review"); *United States v. Sifuentes-Felix*, No. 21-CR-337-WJM, 2022 WL 293228, at *3 (D. Colo. Feb. 1, 2022) ("the Court is not persuaded that Defendant has carried his burden of showing that Section 1326 was enacted, or later modified, with discriminatory intent"); *United States v. Felix-Salinas*, No. 5:21-CR-70-JA-PRL, 2022 WL 815301, at *4 (M.D. Fla. Feb. 2, 2022), report and recommendation adopted, No. 5:21-CR-70-JA-PRL, 2022 WL 815271 (M.D. Fla. Mar. 17, 2022) ("These isolated instances fall short of showing that that racial animus motivated the 1952 enactment (or subsequent modification) of § 1326. Indeed, the vast majority of courts that have considered this exact issue have reached the same conclusion."); *United States v. Maurico-Morales*, No. CR-21-298-R, 2022 WL 99996, at *1 (W.D. Okla. Jan. 10, 2022) ("even if *Arlington Heights* applied, the statute does not violate equal protection, because Defendant fails to establish that a discriminatory purpose was a motivating factor behind § 1326"); *United States v. Hernandez-Lopez*, No. CR H-21-440, 2022 WL 313774, at *6 (S.D. Tex. Feb. 2, 2022) ("The court concludes that the legislative history does not reveal discriminatory intent as needed to dismiss this indictment on equal protection grounds."); *United States, v. Ramirez-Aleman*, No. 21CR3403-BEN, 2022 WL 1271139, at *2 (S.D. Cal. Apr. 27, 2022) ("At least one circuit court and twenty district courts have considered and rejected the argument. . . Only one court [*Carrillo-Lopez*] has found the argument persuasive.")

Specifically, the defendant argues that racism was "the primary factor" behind the criminalization of illegal reentry in 1929, and that its reenactment in 1952 did not cleanse the taint of Congress's original motive. Mot. at 8-14. In fact, because Section 1326 was enacted and illegal entry first deemed a felony as part of the Immigration and Nationality Act of 1952 ("INA"), the INA is the relevant statutory framework. *Suquilanda*, 2021 WL at *5. Thus, contrary to the *Carillo-Lopez* court's findings, neither evidence of a previous Congress's motivations for enacting earlier legislation, nor the mere lack of evidence regarding the later Congress's motivations for enacting the INA, is relevant to assessing Section 1326's constitutionality. As Judge Marrero explained:

> [T]he Court is persuaded that the vast majority of the evidence of racial animus and discriminatory intent focuses on the 1929 Undesirable Aliens Act, a precursor to the modern-day Section 1326, which was undoubtedly enacted in the face of bald racial animus towards Hispanic people. But this evidence bears little weight on Section 1326, which was officially reenacted as a felony offense in 1952 as part of the broader Immigration and Nationality Act. Further, this provision has been modified a number of times since 1952 in order to enhance penalties or otherwise rebalance the deterrent effect of the law.
>
> The discriminatory intent with respect to these enactments, and later amendments, is most relevant to a finding of discriminatory intent. And, the Court is not persuaded Suquilanda, or any other criminal defendant in the many cases rejecting such arguments, has carried his burden of showing Section 1326 was enacted, or later modified, with discriminatory intent.

*Id* (internal citations omitted).

As every decision but *Carrillo-Lopez* has, this Court should deny the defendant's motion to dismiss the indictment based on the facial unconstitutionality of Section 1326.

### II. The Defendant's Jurisdictional Challenge Fails.

The defendant also argues that the indictment should be dismissed because the July 10, 2008 NTA failed to include the "time and place" of her removal proceeding, Mot. Ex. D, even though she was then sent an April 6, 2009 Notice of Hearing that explained exactly when and where she was to appear for her June 22, 2009 immigration proceeding, Mot. Ex. E.

However, as Santos-Reynoso concedes, this technical argument is squarely foreclosed by the Second Circuit's decisions in *Banegas Gomez v. Barr*, 922 F.3d 101, 111 (2d Cir. 2019), *Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021), and *Cupete v. Garland*, 29 F.4th 53, 57 (2d Cir. 2022). In *Banegas-Gomez*, the Second Circuit rejected the defendant's contention that an NTA that omits the time and date of the initial removal hearing is grounds to challenge the immigration court's jurisdiction where a notice of hearing specifying the information is later sent to the alien. 922 F.3d at 112. Courts in this District have ruled that the same applies where an NTA omits the address of the immigration court. *See United States v. Taveras*, 504 F. Supp. 3d 272, 282 (PAE) (S.D.N.Y. 2020); *United States v. Dominguez-Bido*, No. 20 CR. 34 (PAC), 2021 WL 1026386, at *7 (S.D.N.Y. Mar.17, 2021); *United States v. Gutierrez-Campos*, No. 21 CR. 40 (JPC), 2022 WL 281582, at *7 (S.D.N.Y. Jan. 31, 2022); *United States v. Beltran*, No. 21 CR 473 (CM), 2022 WL 799638, at *4 (S.D.N.Y. Mar. 16, 2022). In *Chery*, the Court explained that "*Banegas Gomez* remains good law even after the Supreme Court's opinion in *Niz-Chavez*," 16 F.4th at 987, and in *Cupete*, it affirmed that holding yet again, 29 F.4th at 57.

As the defense acknowledges, those Second Circuit decisions require this Court to deny the motion.

Respectfully Submitted,

DAMIAN WILLIAMS
United States Attorney

by: */s/ Kevin Mead*
    Kevin Mead
    Assistant United States Attorney
    (212) 637-2211